2016 IL App (1st) 140498

THIRD DIVISION
January 27, 2016

No. 1-14-0498

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 13 CR 5811 |
| | ) | |
| ANTONIO REED, | ) | Honorable |
| | ) | Thomas J. Hennelly, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE LAVIN delivered the judgment of the court, with opinion.
Presiding Justice Mason and Justice Fitzgerald Smith concurred in the judgment and opinion.

**OPINION**

¶ 1    Following a bench trial, defendant Antonio Reed was found guilty of possession of a controlled substance with intent to deliver and sentenced to nine years' imprisonment. On appeal, he contends the trial court did not adequately ensure that his waiver of his right to a jury trial was made knowingly. He also contends that various fees assessed against him are in actuality fines, and therefore subject to the $5 *per diem* credit under section 110-14 of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-14 (West 2012)). We affirm and correct the fines and fees order.

¶ 2 Prior to trial, the trial court appointed counsel for defendant. On August 12, 2013, defense counsel, appearing with defendant, requested a trial date and twice repeated that it would be a bench trial. Defense counsel, alongside defendant, again indicated that there would be a bench trial at a status hearing on September 19, 2013. On the day of trial, the trial court asked whether there would be a bench or jury trial. After defense counsel answered bench, the trial court stated to defendant:

"The Court: Mr. Reed, I have in my hand a document entitled jury waiver which means you want to waive your right to a jury and have the matter submitted to me for trial which is known as a bench trial. Is that your wish?

Defendant Reed: Yes.

The Court: On this document, it's got your name, today's date, the case number and charge and there is a signature on this. Is that your signature on that document, Mr. Reed?

Defendant Reed: Yes.

The Court: Has anyone forced or threatened you or promised you in any way to prevent you from having a jury trial.

Defendant Reed: No.

The Court: Are you making that decision freely and voluntarily?

Defendant: Freely."

The trial court found defendant's jury waiver to be knowingly and voluntarily given.

¶ 3 The evidence at trial established that defendant and Delores Edwards were standing near each other on West Flournoy Street in Chicago on February 27, 2013. Chicago police officer

Ronald Coleman observed them from a parked unmarked car. On three separate occasions, individuals or a vehicle approached defendant. On each occasion, defendant dropped an item to the ground. Edwards then retrieved the item and gave it to the individual. During one of the transactions, Coleman observed the individual give Edwards cash after receiving the item. Subsequently, Officer Martin Howard, dressed in plainclothes, approached defendant and asked for heroin. Defendant asked Howard how much he wanted. After receiving an answer, defendant dropped a pink baggy containing white powder on the ground and Edwards retrieved it. She handed the baggy to Howard in exchange for $10 in marked bills. Howard left the area and radioed other officers. The other officers arrested defendant and Edwards. The marked bills were recovered from Edwards' jacket. Testing revealed the pink baggy given to Howard contained 0.2 grams of heroin. The trial court found defendant guilty of delivery of a controlled substance. It sentenced him to nine years' imprisonment and assessed fines and fees against him, including a Court System fee, a Public Defender Records Automation fee, and a State's Attorney Records Automation fee. Defendant appeals.

¶ 4    Defendant first contends that the trial court failed to ensure that his waiver of his right to a jury trial was knowingly and voluntarily made. He asserts that the court did not question him on his understanding of that right or the ramifications of waiving it. He also asserts that the trial court did not advise him of the nature of a jury trial, the difference between a bench and a jury trial, or that a judge would decide the facts rather than a jury. He acknowledges that he has failed to preserve his claim on appeal, but argues that issues of jury waiver affect the fundamental right to a jury trial and thus are reviewable under the structural error prong of plain error doctrine.

¶ 5    The State responds that defendant has forfeited his claim, and it is not reviewable as plain error. It argues alternatively that the record establishes that defendant's waiver was knowing and voluntary, particularly where appointed counsel repeatedly asked for a bench trial and defendant has successfully waived the right to a jury in multiple, prior prosecutions.

¶ 6    Before addressing the merits of defendant's claim, we must determine whether the claim has been properly preserved. Ordinarily, errors not objected to during trial or raised in the post-trial motion are considered waived. *In re R.A.B.*, 197 Ill. 2d 358, 362 (2001). Under plain error doctrine, however, we may review otherwise waived errors in two limited circumstances: "(1) where the evidence is closely balanced; or (2) when the errors are of such magnitude that defendant was denied a fair and impartial trial and remedying the error is necessary to preserve the integrity of the judicial process." *People v. Nieves*, 192 Ill. 2d 487, 502-03 (2000). Under either prong, a defendant bears the burden of persuasion. *People v. Lewis*, 234 Ill. 2d 32, 43 (2009). In the present case, defendant only argues that his claim is reviewable under the second prong of plain error analysis. Yet, before considering defendant's claim under either prong, we must first determine whether error has occurred. *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007).

¶ 7    Both our federal and state constitutions guarantee a criminal defendant's right to a trial by jury. U.S. Const., amends.VI, XIV; Ill. Const. 1970, art. I, §§ 8, 13. A defendant may waive this right, but the waiver must be knowingly and understandingly made in open court. 725 ILCS 5/103-6 (West 2012); *People v. Bracey*, 213 Ill. 2d 265, 269-70 (2004). There is no specific admonishment or advice the court must provide before accepting a waiver. *People v. Bannister*, 232 Ill. 2d 52, 66 (2008). Consequently, the effectiveness of a defendant's waiver depends on the

facts and circumstances of each particular case. *Id*. The crucial determination is whether the waiving defendant understood that his case would be decided by a judge and not a jury. *Id.* at 69. Although a signed jury waiver alone does not prove a defendant's understanding, it is evidence that a waiver was knowingly made. *People v. Dockery*, 296 Ill. App. 3d 271, 276 (1998). Similarly, a present defendant's silence while his or her attorney requests a bench trial provides evidence that the waiver is valid. See *People v. Brials*, 315 Ill. App. 3d 162, 176 (2000). Reviewing courts may also consider a defendant's prior interactions with the justice system in determining whether a jury waiver was made knowingly. *Bannister*, 232 Ill. 2d at 71; see also *People v. Turner*, 375 Ill. App. 3d 1101, 1109 (2007). Defendant bears the burden of establishing that his jury waiver was invalid. *People v. Stokes*, 281 Ill. App. 3d 972, 977 (1996). We review whether defendant knowingly waived his right to a jury trial *de novo*. *Bracey*, 213 Ill. 2d at 270.

¶ 8    The particular facts and circumstances here support the finding that defendant's waiver of his right to a jury trial was knowing and voluntary. Defense counsel indicated that he wished to proceed by way of bench trial multiple times in defendant's presence. Defendant did not object or ask any questions at any point. He also submitted a signed waiver indicating he did not wish to have a jury trial. Following its submission, the trial court informed defendant that the waiver meant "the matter would be submitted to [the trial court] for trial." The court questioned defendant whether he wished to waive his right, whether he had signed the waiver, whether he had been threatened or promised anything for doing so, and whether he was waiving his right freely and voluntarily. Defendant answered yes to each question. Moreover, it is clear from the record that defendant has an extensive history with the criminal court system. Prior to the case at issue, defendant had been convicted of eight felonies and multiple misdemeanors. He has

previously waived a jury trial twice and pled guilty numerous times. Thus defendant's history indicates a familiarity with the criminal justice system, and a familiarity with his right to a trial by jury. See *Turner*, 375 Ill. App. 3d at 1109. Accordingly, we find that defendant has failed to show that he did not knowingly waive his right to a jury trial.

¶ 9    Defendant analogizes his case to *People v. Sebag*, 110 Ill. App. 3d 821 (1982). In *Sebag*, the defendant was charged with battery and public indecency. *Id.* at 822. The defendant, acting *pro se*, signed a written jury waiver, and the trial court informed him, with regard to the battery charge, that he had a right to a jury or bench trial and that by waiving his right to a jury trial he could not later reinstate it. *Id.* at 828-29. The reviewing court concluded that the record did not show that the defendant voluntarily and knowingly waived his right to a jury trial on the public indecency charge, particularly where it was clear the defendant was unfamiliar with court proceedings. *Id.* at 829. Here, unlike *Sebag*, defendant had the benefit of counsel when he executed the written jury waiver and it is clear that defendant was familiar with criminal proceedings. Therefore, the defendant's reliance on *Sebag* is misplaced.

¶ 10    Defendant also cites the supreme court's opinion in *Bracey* for the proposition that we may not consider defendant's prior jury waivers in finding his waiver knowing. In *Bracey*, the defendant knowingly waived his right to a jury trial after extensive admonishments by the trial court. *Bracey*, 213 Ill. 2d at 267. Following a trial, the trial court granted the defendant's motion for a new trial. *Id.* at 267-68. Before the second trial, the court announced that it was ready to begin the second bench trial, and neither defendant nor his attorney objected. *Id.* at 268. The supreme court held that the defendant did not knowingly waive his right to a jury trial for the second trial. *Id.* at 272-73. The supreme court reasoned that the defendant's initial waiver ended

with the initial trial and that he was erroneously led to believe that the initial waiver obligated him to a bench trial in his second trial. *Id.* Contrary to defendant's arguments, *Bracey* does not prohibit a court from considering a defendant's prior jury waivers in judging his or her knowledge. See, *e.g.*, *Bannister*, 232 Ill. 2d at 71. Rather, it stands for the more limited proposition that when a defendant is retried, he must waive his right to a jury trial anew.

¶ 11    Taking into consideration defendant's written jury waiver, his colloquy with the trial court, and his demonstrated familiarity with the justice system, we find the trial court did not err in finding that defendant knowingly waived his right to a jury trial. As we find no error occurred, there can be no plain error. See *People v. Lopez*, 2012 IL App (1st) 101395, ¶ 64.

¶ 12    Defendant next contends that three of the fees that the trial court imposed are actually fines and are therefore subject to *per diem* credit for time he served in custody prior to his sentencing: (1) the $50 Court System fee (55 ILCS 5/5-1101(c) (West 2012)); (2) the $2 State's Attorney Record's Automation fee (55 ILCS 5/4-2002.1(c) (West 2012)); and the Public Defender Records Automation fee (55 ILCS 5/3-4012 (West 2012)). We first discuss the background law applicable to all three fees before addressing each fee in turn.

¶ 13    We review the propriety of a trial court's imposition of fines and fees *de novo*. *People v. Price*, 375 Ill. App. 3d 684, 697 (2007). Defendant asserts that his fees are void, and may therefore be challenged at any time, citing *People v. Marshall*, 242 Ill. 2d 285, 302 (2011). In light of *People v. Castleberry*, 2015 IL 116916, ¶ 19, this rule no longer applies. Generally, a defendant forfeits any sentencing issue that he or she fails to preserve through both a contemporaneous objection and a written postsentencing motion. See *People v. Hillier*, 237 Ill. 2d 539, 544 (2010). However, the rules of waiver and forfeiture are also applicable to the State.

See *People v. Williams*, 193 Ill. 2d 306, 347 (2000). By failing to timely argue that a defendant has forfeited an issue, the State waives the issue of forfeiture. *Id.* As the State has not argued that defendant forfeited his fee arguments, we address the merits of defendant's claims.

¶ 14   A defendant is entitled to a credit of $5 against his or her fines, but not fees, for each day spent in presentence custody. 725 ILCS 5/110-14(a) (West 2012). Defendant was incarcerated for 335 days prior to his sentencing, and was thus entitled to a credit of up to $1,675 against his fees. It is the nature of an assessment, and not its statutory label, that determines whether the assessment is a fee or a fine. *People v. Graves*, 235 Ill. 2d 244, 250 (2009). A fee is a charge that "seeks to recoup expenses incurred by the state," or compensates the State for some cost of prosecuting a defendant. *People v. Jones*, 223 Ill. 2d 569, 582 (2006). A fine, conversely, is " 'a pecuniary punishment imposed as part of a sentence.' " *Id.* at 581 (quoting *People v. White*, 333 Ill. App. 3d 777, 781 (2002)).

¶ 15   In regards to the $50 Court System fee, the State concedes that the assessment is in fact a fine, and we accept the State's concession. This court has previously held that the Court System fee is essentially punitive, particularly because its amount varies depending on the degree of a defendant's offense. *People v. Smith*, 2013 IL App (2d) 120691, ¶ 21. Accordingly, the assessment is a fine, and defendant is entitled to a $50 credit. See *id.*

¶ 16   The $2 State's Attorney Record's Automation fee is compensatory in nature and thus not subject to the *per diem* credit. This court has previously found that the State's Attorney records automation fee is compensatory because it reimburses the State for its expenses related to automated record-keeping systems. *People v. Rogers*, 2014 IL App (4th) 121088, ¶ 30; see also *People v. Bowen,* 2015 IL App (1st) 132046, ¶¶ 62-65. The reasoning in *Rogers* applies with

equal force here where the State's Attorney's office would have utilized its automated record keeping systems in the prosecution of defendant when it filed charges with the clerk's office and made copies of discovery, which were tendered to the defense. Therefore, the State's Attorney Record's Automation fee is legally a fee and defendant is not entitled to *per diem* credit.

¶ 17     Finally, we turn to the Public Defender Records Automation fee. This court recently noted that the statutory language of the Public Defender Records Automation fee is nearly identical to that of the State's Attorney Record's Automation fee. *Bowen*, 2015 IL App (1st) 132046, ¶ 65. Finding no reason to distinguish between the two statutes, we applied the reasoning of *Rogers* to the Public Defender Records Automation assessment and concluded that it too was a fee. *Id.* ¶¶ 62-65. We find no reason to deviate from our previous holdings. The purpose of the fee is "to discharge the expenses of the Cook County Public Defender's office for establishing and maintaining automated record keeping systems." 55 ILCS 5/3-4012 (West 2012). Because defendant was represented by a public defender, counsel would have used the public defender's office record systems in representing defendant. Therefore, the assessment clearly compensates the State for the costs of representing defendant and constitutes a fee. As such, defendant is not entitled to a *per diem* credit.

¶ 18     For the foregoing reasons, we find that the record establishes that defendant's jury waiver was knowing and valid. While we find that the State's Attorney Record's Automation and Public Defender Records Automation assessments are legally fees, the Court System assessment assessed against defendant legally constitutes a fine. Defendant is therefore entitled to a $50 credit. Accordingly, we affirm the judgment of the circuit court of Cook County and order the clerk to correct defendant's fines and fees order to reflect a total owed of $1,734.

¶ 19    Affirmed; fines and fees order corrected.