NOTICE

Decision filed 03/05/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 240977-U

NO. 5-24-0977

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Vermilion County. |
| | ) | |
| v. | ) | No. 20-CM-71 |
| | ) | |
| HECTOR VELAZQUEZ, | ) | Honorable |
| | ) | Karen E. Wall, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE McHANEY delivered the judgment of the court.
Presiding Justice Cates and Justice Hackett concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Defendant's conviction is reversed and the cause remanded to the trial court for further proceedings where there was not a valid waiver of the right to a jury trial by the defendant.

¶ 2    The defendant, Hector Velazquez, was found guilty of unlawful possession of cannabis following a stipulated bench trial. He was sentenced to 12 months of court supervision. On direct appeal, the defendant contends that his constitutional right to a jury trial was violated when he was not admonished of the consequences of waiving that right. The State concedes that error occurred and that there was no valid jury waiver by the defendant.

¶ 3                                I. BACKGROUND

¶ 4    On February 4, 2020, the defendant was charged by information with one count of possession of cannabis, more than 30 grams, but less than 100 grams, a Class A misdemeanor. The

1

charge stemmed from the defendant being a passenger in a vehicle that was stopped by Danville police officer Kyle Butcher. As part of the traffic stop, the defendant was searched, and cannabis was discovered on his person.

¶ 5 On February 23, 2024, defense counsel filed a motion to suppress the evidence obtained from the traffic stop, arguing the stop was prolonged beyond what was reasonably required to complete the purpose of the stop. The trial court denied the motion to suppress. Defense counsel filed a motion to reconsider, which was also denied.

¶ 6 On June 10, 2024, the trial court called the matter for a jury pretrial hearing. The defendant was present via Zoom, and his counsel was present in person. The trial court inquired about the status of the case. Defense counsel responded and stated,

> "Your Honor, I have received an offer from the State today, which I will be discussing later with my client. However, I was anticipated [*sic*] today that we would simply set this matter for a stipulated bench trial, realizing of course that that date may not be needed given the offer that was made."

The defendant was not advised on the record by the trial court or by defense counsel regarding waiving his right to a jury trial and proceeding with a bench trial.

¶ 7 The trial court scheduled a bench trial for June 21, 2024, but the defendant failed to check in on Zoom at that time, so the matter was reset for a bench trial on August 9, 2024. The trial court conducted a stipulated bench trial on August 9, 2024, with the defendant appearing by Zoom. The defendant was found guilty and, on the same day, sentenced to 12 months of court supervision and a $75 fine and court costs.

¶ 8                                    II. ANALYSIS

¶ 9      The defendant raises two issues on appeal; however, we need only address the defendant's

claim regarding the waiver of his right to a jury trial. The State confessed error on this issue, and

we find the confession to be well taken.

¶ 10     "The right to a trial by jury is a fundamental right guaranteed by our federal and state

constitutions." *People v. Bracey*, 213 Ill. 2d 265, 269 (2004). A defendant may waive the right to

a jury trial, but to be valid, the waiver must be knowingly and understandingly made. *Id.*

¶ 11     Generally, a jury waiver made by defense counsel in open court in the defendant's presence

and without objection from the defendant is a valid waiver. *People v. Johnson*, 2019 IL App (1st)

162517, ¶ 14. "For a waiver to be effective, the court need not impart to defendant any set

admonition or advice." *Bracey*, 213 Ill. 2d at 270. "A determination of whether a jury waiver is

valid cannot rest on any precise formula but depends on the facts and circumstances of each

particular case." *In re R.A.B.*,[1] 197 Ill. 2d 358, 364 (2001). Rather, the determination turns on

"whether the waiving defendant understood that his case would be decided by a judge and not a

jury." *People v. Reed*, 2016 IL App (1st) 140498, ¶ 7. The defendant's prior interactions with the

criminal justice system, or lack thereof, can be considered by a reviewing court when determining

whether a jury waiver was knowingly made. *Johnson*, 2019 IL App (1st) 162517, ¶ 14. "We review

whether defendant knowingly waived his right to a jury trial *de novo*." *Reed*, 2016 IL App (1st)

140498, ¶ 7.

¶ 12     In the present case, defense counsel advised the court that an offer had been received from

the State, but as a matter of scheduling, asked the court to set a stipulated bench trial. However, at

---

[1]*R.A.B.* was abrogated on other grounds by the supreme court's decision in *In re Destiny P.*, 2017
IL 120796, ¶ 14 n.1, on the basis that it incorrectly referred to a juvenile's right to a jury trial as a
fundamental right when the source of that right is statutory and not constitutional. Despite this, courts still
find *R.A.B.* instructive in that it sets forth the manner in which to review an invalid jury-waiver claim.

3

no point did defense counsel waive the right to a jury trial on the defendant's behalf, nor did the defendant sign a written jury waiver. Additionally, the present case was the defendant's first experience with the criminal justice system. As the supreme court noted in *R.A.B.*, "vague references to a stipulated bench trial by [defendant's] attorney, the prosecutor, and the circuit court [are] insufficient to constitute a valid jury waiver." *R.A.B.*, 197 Ill. 2d at 367.

¶ 13    The State concedes that the references in the instant case were insufficient to constitute a valid jury waiver in open court. We agree and find that the defendant did not knowingly and voluntarily waive his right to a jury trial before proceeding to a stipulated bench trial. Accordingly, we reverse the defendant's conviction and remand the matter to the trial court so the defendant may be admonished of his right to a jury trial and make a knowing decision about whether to proceed with a stipulated bench trial.

¶ 14                                III. CONCLUSION

¶ 15    For the foregoing reasons, the defendant's conviction is reversed, and the matter is remanded to the trial court for further proceedings.

¶ 16    Reversed and remanded.