Docket No. 97664–Agenda 17–September 2004.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ERNEST BRACEY, Appellant.

Opinion filed December 2, 2004.

CHIEF JUSTICE McMORROW delivered the opinion of the court:

The single issue presented in this appeal is whether defendant’s fundamental right to a jury trial was violated when the circuit court, relying on a jury waiver executed by defendant in conjunction with his first trial, retried defendant on a charge of aggravated battery in a bench trial without first ascertaining whether, for his new trial, defendant knowingly and voluntarily waived his right to a jury trial. For reasons that follow, we reverse defendant’s conviction for aggravated battery and remand for a new trial.

BACKGROUND

On November 30, 2000, defendant, Ernest Bracey, while an inmate at Pontiac Correctional Center, threw a cup of juice at another inmate as that inmate was being escorted past defendant’s cell by a correctional officer. Some of the juice splashed onto the arm of the correctional officer. Based on this incident, defendant was indicted on a charge of aggravated battery, 
i.e.
, that he knowingly made physical contact of an insulting or provoking nature with a correctional officer engaged in the execution of his official duties, in violation of section 12–4(b)(6) of the Criminal Code of 1961 (720 ILCS 5/12–4(b)(6) (West 2000)).

On March 20, 2002, defendant appeared before Judge Frobish in the circuit court of Livingston County. Defendant executed a written jury waiver and the court, after duly admonishing defendant of his right to a jury trial, accepted the waiver, ruling that defendant knowingly and voluntarily waived his right to a jury trial. A bench trial was then held on April 25, 2002. The defense presented no evidence and defendant was found guilty of aggravated battery. After a sentencing date was selected, the court asked defendant if he had anything he wished to say. In reply, defendant asked why he had not been given an opportunity to speak during trial. Upon further inquiry by the court, it became clear that defendant had wanted to testify on his own behalf. Defense counsel admitted that he had not spoken to defendant that day about whether defendant wanted to testify. The trial court also acknowledged its own error in failing to independently inquire whether defendant wished to testify. Accordingly, the court ruled that defendant had not knowingly and voluntarily waived his right to testify. The court vacated its judgment and granted defendant a new trial. Explaining this to defendant, the court stated:

“[M]y finding here is vacated. You are going to get another chance with another judge. And at that time if you want to testify, you will be able to testify. So this other judge won’t know anything about the case.”

During a discussion on scheduling the new trial date, the court clerk announced, “We are changing the date of the bench trial.”

On July 17, 2002, defendant appeared before Judge Frank for his new trial. When Judge Frank called defendant’s case, he made the following opening remarks:

“Cause comes on for bench trial. I just verified to be sure that there was a jury waiver taken, and I see that there was by Judge Frobish back on March 20 of 2002. So anything, [prosecutor], before we start with the evidence?”

Neither the prosecutor, nor defense counsel, raised any preliminary matters. Defendant’s second bench trial commenced. After hearing all of the evidence, the circuit court found defendant guilty of aggravated battery and subsequently sentenced defendant to two years imprisonment, to be served consecutively to the sentence defendant was already serving.

Defendant appealed his conviction to the appellate court. He argued, for the first time, that his March 20, 2002, jury waiver, executed prior to his first trial, was not a valid jury waiver with respect to his second trial and that the circuit court erred when, prior to his second trial, it failed to ascertain whether he wished to waive that right. In a split decision, the appellate court affirmed defendant’s conviction. 345 Ill. App. 3d 314. Two justices found that the waiver of a jury trial was made with defendant’s knowledge and consent because he never sought to withdraw his earlier written waiver and “silently acquiesced in the court’s and counsel’s statements [regarding the earlier jury waiver] made in his presence on the day of trial.” Justice Knecht dissented, holding that defendant’s reassertion of a jury waiver should not be inferred because our justice system requires a defendant to “affirmatively and knowingly waive his right to a jury trial.”

We granted defendant’s petition for leave to appeal. 177 Ill. 2d R. 315.

ANALYSIS

The right to a trial by jury is a fundamental right guaranteed by our federal and state constitutions. In 
People ex rel. Daley v. Joyce
, 126 Ill. 2d 209, 212-13 (1988), we discussed the right to trial by jury, stating, “We are dealing here with one of the most revered of all rights acquired by a people to protect themselves from the arbitrary use of power by the State.” 

A defendant may, of course, waive the right to a jury trial, but any such waiver, to be valid, must be knowingly and understandingly made. 725 ILCS 5/103–6 (West 2002) (“Every person accused of an offense shall have the right to a trial by jury unless *** understandingly waived by defendant in open court”); 
In re R.A.B.
, 197 Ill. 2d 358, 364 (2001); 
People v. Frey
, 103 Ill. 2d 327, 332 (1984). Whether a jury waiver is valid cannot be determined by application of a precise formula, but rather turns on the particular facts and circumstances of each case.
 In re R.A.B.
, 197 Ill. 2d at 364; 
Frey
, 103 Ill. 2d at 332. A written waiver, as required by section 115–1 of the Code of Criminal Procedure of 1963 (“All prosecutions *** shall be tried by the court and a jury unless the defendant waives a jury trial 
in writing
” (emphasis added) (725 ILCS 5/115–1 (West 2002))), is one means by which a defendant’s intent may be established. However, adherence to this provision, while recommended, is not always dispositive of a valid waiver. See
 People v. Scott
, 186 Ill. 2d 283 (1999). Nor is the lack of a written waiver fatal, if it can be ascertained that the defendant understandingly waived his right to a jury trial. See 
People v. Tooles
, 177 Ill. 2d 462 (1997). For a waiver to be effective, the court need not impart to defendant any set admonition or advice.
 People v. Smith
, 106 Ill. 2d 327, 334 (1985). Generally, a jury waiver is valid if it is made by defense counsel in defendant’s presence in open court, without an objection by defendant. See
 People v. Murrell
, 60 Ill. 2d 287 (1975); 
People v. Sailor
, 43 Ill. 2d 256 (1969). However, as noted by this court in 
People v. Scott
, 186 Ill. 2d 283, 285 (1999), “We have never found a valid jury waiver where the defendant was not present in open court when a jury waiver, written or otherwise, was at least discussed.”

Whether defendant knowingly and understandingly waived his fundamental right to a jury trial when he was retried on the charge of aggravated battery is the issue in the case at bar. Because the facts of this case are not in dispute, the question is a legal one and our review is 
de novo.
 
In re R.A.B.
, 197 Ill. 2d 358 (2001). We note, too, that in this case, as in 
In re R.A.B.
, defendant’s failure to question the validity of the jury waiver in the circuit court, either by objection or in a posttrial motion, does not mean that he has forfeited the alleged error on review. See 
In re R.A.B.
, 197 Ill. 2d at 362-63. Whether a defendant’s fundamental right to a jury trial has been violated is a matter that may be considered under the plain error rule. 
In re R.A.B.
, 197 Ill. 2d at 363. See also 
People v. Owens
, 336 Ill. App. 3d 807 (2002); 
People v. Williamson
, 311 Ill. App. 3d 54, 57 (1999).

In the case at bar, it is undisputed that defendant executed a written jury waiver and, in addition, was admonished with regard to his right to a jury trial. This took place, however, on March 20, 2002, prior to his first bench trial before Judge Frobish. The question here is whether the admonishments received and the written jury waiver given in conjunction with defendant’s first trial, considered in light of defendant’s acquiescence to a second bench trial, are enough to show that defendant knowingly and understandingly waived his right to a jury trial when he was retried on the charge of aggravated battery before Judge Frank. We find that the evidence does not support a finding that defendant knowingly consented to a jury waiver at his retrial.

The written waiver and admonishments which occurred on March 20, 2002, were no longer of any effect once defendant’s first trial terminated. In 
People v. Mixon
, 271 Ill. App. 3d 999, 1002 (1994), our appellate court noted, “[t]he importance of the right to a jury trial as it relates to retrials was recognized very early in Illinois.” Quoting 
Town of Carthage v. Buckner
, 8 Ill. App. 152, 154 (1880), the 
Mixon 
court held that the well-established rule is that “ ‘a waiver of a jury on one trial, is expended by that trial.’ ” 
Mixon
, 271 Ill. App. 3d at 1002. 
See also 
People v. Schwartz
, 3 Ill. 2d 520, 524 (1954) (a defendant’s jury waiver is “set aside” by a remand for a new trial 
de novo
); 
People v. Johnson
, 222 Ill. App. 248 (1921) (trial court erred in conducting a second trial as a bench trial because the written waiver executed before the first trial expired after that trial had ended and a new trial was awarded); 
United States v. Lee
, 539 F.2d 606 (6th Cir. 1976) (the right to a jury trial is a fundamental right and a waiver should not be presumed to include second trial); 
Burnham v. North Chicago St. Ry. Co.
, 88 F. 627, 629 (7th Cir. 1898) (the waiver of the “high and sacred constitutional right” of trial by jury should be strictly construed in favor of the preservation of the right).

In light of such strong and well-settled precedent, we are compelled to conclude that the circuit court’s ruling on March 20, 2002, that defendant knowingly and understandingly waived his right to a jury trial, which was based on the written waiver and oral statements made by defendant in open court that day, is of little evidentiary value and no legal effect with regard to the issue of whether defendant knowledgeably consented to give up his right to trial by jury at his new trial. The question, then, is whether statements made in defendant’s presence prior to his second trial provide a sufficient basis for finding that defendant knowingly and voluntarily waived his right to a jury at his retrial. Again, we find the evidence insufficient to support such a finding.

It is clear from the record that when Judge Frobish vacated his judgment after defendant’s first bench trial, he assumed that retrial would also be a bench trial. Nothing in the record indicates that defendant was ever advised that upon retrial he would again have the choice to be tried by a jury. To the contrary, everything in the record indicates that defendant was led to believe that his jury waiver, executed on March 20, 2002, obligated him to a bench trial once again. Judge Frobish told defendant that he was “going to get another chance with another judge.” The discussion that followed the vacature of the judgment after defendant’s first trial shows that the new trial was automatically scheduled for a new 
bench trial
.

The record shows that defendant did not appear in court again until he appeared before Judge Frank for his new trial. At that time, Judge Frank never ascertained whether defendant intended to waive his right to a jury trial. Instead, the court simply relied upon the fact that the March 20, 2002, written waiver was in the record–again leading defendant to believe that his earlier choice to forgo a jury trial was still binding on him.

Given the fact that defendant’s written waiver was no longer effective and given the fact that, prior to defendant’s second trial, defense counsel made no statements in defendant’s presence indicating that defendant was electing, once again, to give up his right to trial by jury, defendant’s silent acquiescence to a second bench trial is insufficient to support a finding that he knowingly and voluntarily relinquished his fundamental right to trial by jury. For this reason, defendant’s conviction must be reversed.

CONCLUSION

The judgments of the appellate and circuit courts are reversed and the cause remanded to the circuit court for further proceedings.

Reversed and remanded.