**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 180002-U

Order filed October 29, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Tazewell County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0002 Circuit No. 16-CF-516 |
| | ) | |
| TREVER J. WOOD, | ) ) | Honorable Stephen A. Kouri, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE SCHMIDT delivered the judgment of the court.
Justice Holdridge concurred in the judgment.
Justice McDade dissented.

**ORDER**

¶ 1     *Held*:  Defendant made a knowing and voluntary waiver of his right to a jury trial.

¶ 2     Defendant, Trever Wood, appeals from his conviction for aggravated battery. Defendant argues the case should be remanded to determine whether he made a knowing and voluntary jury waiver. We affirm.

¶ 3                                   I. BACKGROUND

¶ 4    The State charged defendant with aggravated battery (720 ILCS 5/12-3.05 (West 2016)), and the court appointed counsel to represent defendant. On February 27, 2017, private counsel filed his appearance and replaced the public defender as attorney of record.

¶ 5    On May 30, 2017, counsel addressed the court:

"Your Honor, my client, I talked with him a little bit. We're deciding to waive our right to a jury trial, which we have never waived. We're going to waive it today and we have decided upon a bench trial date ***."

The court then addressed defendant:

"THE COURT: [Defendant], is this your signature?

THE DEFENDANT: Yes, sir.

THE COURT: By submitting this, you're waiving your right to a jury?

THE DEFENDANT: Yes, sir.

THE COURT: And you can't go back and forth on that. Once you waive it, you're going tohave a bench trial in front of a judge, probably me. Is that what you want to do?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Any questions about that?

THE DEFENDANT: No, Your Honor."

Defendant submitted his written jury waiver and the court set the matter for a bench trial.

¶ 6    Following the bench trial, the court found defendant guilty of aggravated battery. Defendant's presentence investigation report (PSI) revealed that defendant was 24 years old; he did not graduate from high school, but he was working toward his general equivalency diploma

(GED); and he had committed two prior traffic offenses. The court sentenced defendant to two years' imprisonment.

¶ 7                                       II. ANALYSIS

¶ 8        On appeal, defendant argues his case should be remanded to determine whether he made a knowing and voluntary waiver of his right to a jury trial. We find the court did not err as the record establishes that defendant knowingly and voluntarily waived his right to a jury trial.

¶ 9        At the outset, we note defendant forfeited review of this issue by not objecting to it at trial. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). Defendant acknowledges this forfeiture and asks that we review the issue for plain error. Defendant argues his unknowing and involuntary jury waiver is a clear error subject to reversal under the second prong of the plain error doctrine. The plain error doctrine permits a reviewing court to remedy a "clear or obvious error" when "that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). The first step of the plain error doctrine is to determine whether an error occurred. *People v. Eppinger*, 2013 IL 114121, ¶ 19.

¶ 10        The United States Constitution and the Illinois Constitution afford a defendant the fundamental right to a jury trial. (U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, §§ 8, 13). " ' "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." ' " *People v. Bannister*, 232 Ill. 2d 52, 67-68 (2008) (quoting *People v. Johnson*, 75 Ill. 2d 180, 187 (1979), quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). A valid jury trial waiver must be knowingly and understandingly made. *People v. Bracey*, 213 Ill. 2d 265, 270 (2004). "A valid waiver exists if there is an express statement by defense counsel in open court, in the defendant's presence, without objection from him or her, that the defendant opts to waive his jury trial right in

favor of a bench trial." *People v. Rincon*, 387 Ill. App. 3d 708, 718 (2008) (citing *People v. Elders*, 349 Ill. App. 3d 573, 578 (2004)). The trial court has a "duty of ensuring that a defendant waives the right to a jury trial expressly and understandingly." *Bannister*, 232 Ill. 2d at 66. "However, a trial court need not give any specific admonition or advice for a defendant to make an effective jury waiver." *Id.* "The determination of whether a jury waiver is valid cannot rest on any precise formula, but rather depends on the facts and circumstances of each particular case." *Id.*

¶ 11    Section 115-1 of the Code of Criminal Procedure of 1963 requires that a defendant who wishes to waive his right to a jury trial do so in writing. 725 ILCS 5/115-1 (West 2006). "[T]he existence of a written waiver supports a finding of a knowing waiver when accompanied by defense counsel's request for a bench trial made in open court and in the defendant's presence." *People v. Turner*, 375 Ill. App. 3d 1101, 1108 (2007). "A defendant is bound by defense counsel's waiver of a trial by jury when defendant is present in open court and does not object when the jury waiver is made or is explicitly discussed." *Id.* We review *de novo* the issue of whether defendant made a knowing and voluntary waive of his right to a jury trial. *Bracey*, 213 Ill. 2d at 270.

¶ 12    In the present case, the facts and circumstances surrounding defendant's jury waiver established that defendant made a knowing and voluntary waiver. Defendant appeared with counsel on the date that he filed his jury waiver. Counsel indicated that he spoke with defendant, and defendant wished to waive his right to a jury trial. Defendant submitted a written jury waiver to the court. Then, the court addressed defendant and explicitly discussed the jury waiver. In its discussion, the court explained that if defendant persisted in his waiver, he would have a bench trial "in front of a judge." Defendant reaffirmed that he wanted to have a bench trial and acknowledged his signature on the written jury waiver. Defendant also indicated that he did not have any questions about the jury waiver. Defendant's responses to the court's questions

established that he understood his right to a jury trial and he knowingly and voluntarily waived that right. Moreover, defendant did not voice an objection to the waiver, and therefore was bound by it. See *Turner*, 375 Ill. App. 3d at 1108. This record indicated that defendant made a knowing and voluntary waiver of his right to a jury trial.

¶ 13    Defendant argues that the combination of his lack of education and criminal history, and his young age required a further inquiry by the court to determine whether he made a knowing and voluntary jury waiver. Specifically, the PSI stated that defendant was 24 years old, he did not graduate from high school, but he was working toward his GED, and he had two prior petty traffic offenses. This information does not alter our conclusion. The record conclusively established that defendant orally informed the court of *his* desire to waive his right to jury trial, signed a written waiver, and indicated to the court that he understood the ramifications of his decision. Contrary to defendant's assertion, the court fulfilled its duty to ascertain whether he knowingly and understandingly waived his right to a jury trial when it questioned him, and upon hearing that defendant had no questions, accepted his waiver. Therefore, we find no error in defendant's jury waiver, and as a result, no plain error.

¶ 14                              III. CONCLUSION

¶ 15    For the foregoing reasons, we affirm the judgment of the circuit court of Tazewell county.

¶ 16    Affirmed.

¶ 17    JUSTICE McDADE, dissenting:

¶ 18    I dissent from the foregoing judgment and write separately to express my concern with the circuit court's cursory, *pro forma* inquiry into defendant's election to proceed to a bench trial and my doubt that the truncated inquiry was sufficient to establish that defendant made an intelligent and knowing waiver of his constitutionally-protected right to be tried by a jury.

¶ 19 A defendant's right to a jury trial is fundamental. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, §§ 8, 13. Because of its importance, the trial court has an independent duty to ensure that a defendant's waiver is voluntary and knowing. *Bannister*, 232 Ill. 2d at 66. While a court is not required to give defendant any specific or prescribed admonishment to secure a valid jury waiver, the duty remains to ensure, at a minimum, that when a defendant waives the right to a jury trial, he or she "understand[s] *** that the facts of the case will be determined by a judge and not a jury." *Id.* at 67, 69. The circuit court did not fulfill that duty in securing this defendant's jury waiver.

¶ 20 Here, the court did not inquire into defendant's knowledge of jury trials, the role and function of the judge and jury, or the consequences of his choice before it accepted his written jury waiver. Instead, the court merely confirmed that defendant had no general questions and then accepted the signed waiver form. The court neither explained to defendant the difference between a jury and bench trial nor attempted to ascertain whether defendant otherwise understood the significant ways in which a jury trial differed from the bench trial that his attorney had requested. Presumably, the court believed that when defense counsel suggested that defendant waive his right to a jury trial, he/she had explained those differences and the possible considerations for and consequences of waiving that right. However, we can only infer this from what the majority characterizes as the "facts and circumstances" surrounding defendant's jury waiver. *Supra* ¶ 12. The court never actually inquired of either defendant or defense counsel. In my view, an assumption that counsel provided thorough, comprehensive advice does not satisfy the court's independent duty to ensure that defendant understands this right and the consequences of waiving it.

¶ 21 By failing to make more than a *pro forma* effort to ascertain whether defendant was making an informed waiver of his right to a jury trial, the court unnecessarily risked defendant's relinquishment of a fundamental right simply because he did not understand what he was giving up. It appears that defendant's prior criminal history involved only traffic offenses and may never have previously exposed him to a jury waiver. If defendant had been thoroughly instructed by his counsel, the appropriate inquiry by the court would likely have been extremely brief. If it was actually prolonged, that fact would suggest that either the explanatory discussion had not been had or the information had not been completely understood and the inquiry was fully warranted. In either event, the record would document the knowing and intelligent nature of the waiver.

¶ 22 A jury trial is " '*one of the most revered* of all rights acquired by a people to protect themselves from the arbitrary use of power by the State.' " (Emphasis added.) *Bracey*, 213 Ill. 2d at 269 (quoting *People ex rel. Daley v. Joyce*, 126 Ill. 2d 209, 212 (1988)). It should not be waived in the absence of demonstrated confirmation that a defendant was fully informed of the parameters of the right and the ramifications of his waiver and was only then voluntarily and knowingly relinquishing it.