NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 190625-U

NO. 4-19-0625

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 9, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Macon County |
| GAROLD HOLLOWAY, | ) | No. 12CF273 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Phoebe S. Bowers, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Presiding Justice Knecht and Justice Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held:*    Defendant failed to establish the trial court's acceptance of defendant's jury trial waiver was a clear and obvious error.

¶ 2    On December 10, 2018, defendant waived his right to a jury trial. The next day, defendant's bench trial began. On December 12, 2018, the trial court found defendant guilty of two counts of criminal sexual assault. Defendant appeals, arguing the trial court violated his constitutional right to a jury trial and to due process of law by accepting defendant's jury waiver as knowing and voluntary when it failed to provide adequate admonishments about the nature of the right he was waiving. We affirm.

¶ 3                            I. BACKGROUND

¶ 4    On March 1, 2012, the State charged defendant by information with two counts of criminal sexual assault (720 ILCS 5/11-1.20 (West 2012)). In May 2014, a jury found defendant

guilty on both counts. In June 2014, the trial court sentenced defendant to consecutive 15-year prison terms. Defendant appealed. This court reversed defendant's conviction and remanded the case for a new trial because an improper nonpattern jury instruction was used. *People v. Holloway*, 2016 IL App (4th) 140701-U, ¶¶ 24-25.

¶ 5        On remand, at a hearing on December 10, 2018, defendant had two cases before the trial court, and this case was set for trial that day. Defense counsel indicated he represented defendant in this case, this case had been tried once and sent back for a new trial, and defendant was waiving his right to a jury trial. The following exchange then occurred between the trial court, defense counsel, and defendant:

"THE COURT: All right. Mr. Holloway, you've been over this with your attorney?

DEFENDANT: Yes, ma'am.

THE COURT: He tells me that today you are wanting to waive your right to a jury trial; is that correct?

DEFENDANT: Yes.

THE COURT: And if we—if you do that today, we'll go ahead and start the hearing tomorrow.

DEFENDANT: Correct.

THE COURT: Is that what you're wanting to do?

DEFENDANT: That's fine."

The court then briefly discussed the charges and procedural posture of the case with the State and defense counsel. The court and defendant then had the following exchange:

"THE COURT: All right. Mr. Holloway, I have a Class 1 felony that's

- 2 -

Count I. It's a criminal sexual assault charge. And Count II is also a Class 1 felony, criminal sexual assault. And it's my understanding that you wish to waive your right to a jury trial in each of those charges; is that correct?

DEFENDANT: Yes, ma'am.

THE COURT: All right. Is this your signature on each of the counts on the written jury trial waiver?

DEFENDANT: Yes, ma'am.

THE COURT: And are you knowingly and voluntarily waiving your right to a jury trial—

DEFENDANT: Yes.

THE COURT: —today? Okay."

The court later advised defendant of the following. He had been charged with two Class 1 felonies but was eligible to be sentenced as if the offenses were Class X felonies. Because this was a retrial, each charge carried a potential sentence for defendant of 6 to 15 years in prison due to his prior 15-year sentences. In addition, the court advised defendant his sentences, if convicted on both counts, would be served consecutively.

¶ 6        Because defendant is not challenging the sufficiency of the evidence on appeal and is only challenging whether he made a knowing and voluntary waiver of his right to a jury trial, we need not discuss the evidence presented in this case except to say the trial court found the State proved defendant's guilt on both charges beyond a reasonable doubt.

¶ 7        The trial court held defendant's sentencing hearing on April 15, 2019. In recommending defendant be sentenced to consecutive 15-year terms of imprisonment, the State noted defendant had a considerable criminal history with numerous convictions. The court

sentenced defendant to consecutive 15-year sentences on the two counts.

¶ 8        This appeal followed.

¶ 9                              II. ANALYSIS

¶ 10       Defendant argues the trial court violated his constitutional right to a jury trial and to due process of law by accepting his jury waiver as knowing and voluntary without providing adequate admonitions about the nature of the right he was waiving.  When the facts are not in dispute, whether a defendant made a knowing and voluntary waiver of his right to a trial by jury is a legal question, which is reviewed *de novo*.  *People v. Bracey*, 213 Ill. 2d 265, 270, 821 N.E.2d 253, 256 (2004).

¶ 11       Defendant concedes he did not raise this issue in the trial court.  "Generally, a jury waiver is valid if it is made by defense counsel in defendant's presence in open court, without an objection by defendant."  *Bracey*, 213 Ill. 2d at 270, 821 N.E.2d at 256.  Our supreme court in *People v. Sebby*, 2017 IL 119445, ¶ 48, 89 N.E.3d 675, stated:

> "Illinois Supreme Court Rule 615(a) provides that insubstantial errors 'shall be
> disregarded' but that substantial or what have become known as plain errors 'may
> be noticed although they were not brought to the attention of the trial court.' Ill. S.
> Ct. R. 615(a) (eff. Jan. 1, 1967). As the language of the rule indicates, a reviewing
> court may exercise discretion and excuse a defendant's procedural default.
> [Citation.]  We have traditionally identified two instances when it is appropriate
> to do so: (1) when 'a clear or obvious error occurred and the evidence is so
> closely balanced that the error alone threatened to tip the scales of justice against
> the defendant, regardless of the seriousness of the error,' or (2) when 'a clear or
> obvious error occurred and that error is so serious that it affected the fairness of

the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence.' [Citation.]"

Defendant does not attempt to argue the evidence in this case is closely balanced. Instead, he argues we should consider the alleged error pursuant to the second prong of the plain error analysis, *i.e.*, the alleged error was so serious that it impacted the fairness of his trial and challenged the integrity of the judicial process.

¶ 12 Ordinarily, the first step in the plain-error analysis is determining whether a clear or obvious error occurred. *Sebby*, 2017 119445, ¶ 49. It is the defendant's burden to establish plain error, otherwise the procedural default will be honored. *People v. Bannister*, 232 Ill. 2d 52, 65, 902 N.E.2d 571, 580 (2008). The right to a trial by jury is guaranteed by both our federal constitution (U.S. Const., amends. VI, XIV) and our state constitution (Ill. Const. 1970, art. I, §§ 8, 13). *Bannister*, 232 Ill. 2d at 65, 902 N.E.2d at 581. A criminal defendant in Illinois also has the right to waive a trial by jury. *Bannister*, 232 Ill. 2d at 65, 902 N.E.2d at 581. However, a defendant's jury waiver must be knowing and voluntary to be valid. *Bannister*, 232 Ill. 2d at 65, 902 N.E.2d at 581.

¶ 13 According to our supreme court in *Bannister*, 232 Ill. 2d at 66, 902 N.E.2d at 581:

"Consistent with these constitutional requirements, section 103-6 of the Code of Criminal Procedure of 1963 provides: 'Every person accused of an offense shall have the right to a trial by jury unless *** understandingly waived by defendant in open court ***.' 725 ILCS 5/103-6 (West 2006). To the same end, our decisions have imposed on a trial court the duty of ensuring that a defendant waives the right to a jury trial expressly and understandingly. [Citation.] However, a trial court need not give any specific admonition or advice for a defendant to make

an effective jury waiver. [Citations.] The determination of whether a jury waiver is valid cannot rest on any precise formula, but rather depends on the facts and circumstances of each particular case. [Citations.] The statutory requirement of a written jury waiver (725 ILCS 5/115-1 (West 2006)) does not define or give substance to the constitutional right to choose whether to have a jury trial. Rather, a written jury waiver merely memorializes the defendant's decision, allowing a court to review the record to ascertain whether a defendant's jury waiver was made understandingly."

As defendant points out in his brief, our supreme court stated in *Bannister* that "[w]hen a defendant waives the right to a jury trial, the pivotal knowledge that the defendant must understand—with its attendant consequences—is that the facts of the case will be determined by a judge and not a jury." *Bannister*, 232 Ill. 2d at 69, 902 N.E.2d at 583.

¶ 14 Defendant concedes his plea was voluntary but argues the record does not indicate he understood his decision. However, defendant does not attempt to argue he, in fact, did not understand the consequences of his decision to waive his right to a jury trial. Instead, he argues the admonitions he received were not sufficient. Based on the facts and circumstances in this case, defendant has not established the trial court made a clear or obvious error in the manner it admonished defendant about waiving his right to a jury trial or in accepting defendant's waiver.

¶ 15 This is not a situation where defendant had no experience with the criminal court system. As the State points out in its brief, defendant had extensive prior experience in the criminal courts and had been convicted multiple times. Defendant had already been found guilty by a jury on these same charges, and this court reversed his convictions and remanded the case back for a new trial. Further, this is also not a situation where the trial court relied solely on a written jury

waiver executed outside the courtroom. Defendant's attorney, in defendant's presence, indicated defendant wanted to waive his right to a jury trial in this case. The trial court then questioned defendant in the presence of defense counsel in open court. Upon the court's inquiry, defendant indicated he and his attorney had gone over his decision to waive his right to a jury trial. Defendant then told the court directly he wanted to waive his right to a jury trial. The court told defendant he faced two charges of criminal sexual assault and then verified defendant had signed written waivers of his right to a jury trial on both charges. The court then asked defendant if he was knowingly and voluntarily waiving his right to a jury trial in this case. Defendant responded in the affirmative. Given the nature of the charges in this case, the age of the alleged victim, and the fact defendant had already been convicted of the charges by a jury of his peers, it is likely defendant believed his chance of an acquittal was better if the trier of fact was the trial court as opposed to a jury of his peers.

¶ 16                                    III. CONCLUSION

¶ 17            For the reasons stated, we affirm the trial court's judgment.

¶ 18            Affirmed.