NOTICE
Decision filed 08/27/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230005-U

NO. 5-23-0005

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 22-CF-35 |
| | ) | |
| BARRETT JONES, | ) | Honorable |
| | ) | Jerry E. Crisel, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE McHANEY delivered the judgment of the court.
Justices Boie and Sholar concurred in the judgment.

**ORDER**

¶ 1 *Held*: The trial court did not commit error in finding that the defendant knowingly and voluntarily waived his right to jury trial and did not abuse its discretion by admitting other-crimes evidence.

¶ 2 Following a bench trial, the defendant was found guilty of the offense of unlawful failure to register as a sex offender and was sentenced to eight years of imprisonment. The defendant argues on appeal that he did not knowingly and voluntarily waive his right to jury trial, and the trial court erred by granting the State's motion to admit other-crimes evidence. For the following reasons, we affirm the defendant's conviction.

¶ 3 BACKGROUND

¶ 4 The defendant was charged by information with failing to comply the with Sex Offender Registration Act (Act) "on our about January 18, 2022 *** in that said defendant, a sexual predator,

1

knowingly failed to report within 90 days of his previous registration, with the Sheriff of Jefferson County, Illinois, or any law enforcement agency *** in violation of 730 ILCS 150/6." At a pretrial hearing on October 6, 2022, after being granted time to consult with his attorney, the trial court was presented with the defendant's signed jury waiver form, and the following colloquy occurred:

"THE COURT: I have been handed a document, however, which is entitled waiver of jury trial in this case, 22-CF-35. It states 'I the undersigned defendant in the above cause hereby waive my right to jury trial in this cause. I am 42 years of age. Dated the 6th of October, 2022.' Mr. Jones, is that your signature on that document?

MR. JONES: Yes, Judge.

THE COURT: Did anybody force you or threaten you to sign that?

MR. JONES: No, sir.

THE COURT: Did anybody make any promises to you to get you to sign that?

MR. JONES: No.

THE COURT: Are you signing that of your own free will then?

MR. JONES: Yes.

THE COURT: Do you believe you have discussed your right to jury trial and right to waive jury trial as far as that goes, have you discussed that to your satisfaction with [defense counsel]?

[DEFENSE COUNSEL]: Yes.

THE COURT: Okay. All right. The Court will accept the waiver. I think it's knowing, intelligent, and voluntary."

¶ 5    Immediately prior to the start of the trial, the State argued its motion to introduce other-crimes evidence pursuant to Illinois Rule of Evidence 404(b) (eff. Jan. 1, 2011). The State sought

2

to introduce the defendant's prior conviction in case No. 13-CF-153, unlawful failure to register as a sex offender, to rebut the defendant's statement to the police that he was mistaken about his next registration deadline. After hearing argument, the court granted the motion.

¶ 6    At the bench trial, the State called Patti Wease, an employee for the Jefferson County Sheriff's Office. She testified that one of her duties was sex offender registration and management, including the defendant, who was required to register every 90 days. Wease testified that defendant's reporting date for the month of October 2021 was the thirteenth, but he failed to register until October 19. No criminal charges were filed as a result of that incident. Wease did warn the defendant about registering late but did not specifically warn him that future late registration would result in the filing of criminal charges. Defendant was provided with a copy of his October 2021 registration form, which designated his next registration deadline as January 18, 2022.

¶ 7    Wease testified that she next saw the defendant on January 28, 2022, when he appeared at her office to register 10 days late. After she informed Jefferson County Sheriff Detective Captain Bobby Wallace that defendant was late to register, he interviewed the defendant regarding his failure to register on time. People's Exhibit 3 was a DVD recording of that interview, which was admitted without objection. During the interview, the defendant said he believed the handwritten numeral "1" in the reporting date on the form was actually a "2"; therefore, he believed he was supposed to register on January 28, instead of the eighteenth. He also stated, "I didn't look at that [registration form] right," "I looked at it real quick," and further stated that he was distracted and overlooked the registration date because he was a having a difficult time finding work due to his status as a sex offender. Following the interview, the defendant was placed under arrest.

3

¶ 8                                    ANALYSIS

¶ 9      The defendant raises two issues on appeal. First, he argues that the trial court's acceptance

of his jury waiver was improper because the trial court failed to explain that in a bench trial a single

judge would decide his guilt instead of 12 people from the community.

¶ 10     The right to a jury trial in criminal prosecutions is guaranteed by both the federal and the

Illinois Constitutions. U.S. Const. amends. VI, XIV; Ill. Const. 1970, art. I, § 8. A defendant may

waive his or her right to a jury trial, but in order for the waiver to be valid, "the trial court must

ensure that the waiver was knowing and understanding." *People v. Hutt*, 2023 IL 128170, ¶ 30.

"Whether a waiver is knowing and understanding depends on the particular facts and

circumstances of each case." *Id*. "For a waiver to be effective, the court need not impart to

defendant any set admonition or advice." *People v. Bracey*, 213 Ill. 2d 265, 270 (2004). "Generally,

a jury waiver is valid if it is made by defense counsel in defendant's presence in open court, without

an objection by defendant." *Id*. Additionally, a signed jury waiver, while not always dispositive of

a valid waiver, is evidence that a waiver was knowingly made. *Id.* at 269-70. Another factor

reviewing courts may consider is the defendant's prior experience with the criminal justice system.

*People v. Parker*, 2016 IL App (1st) 141597, ¶ 48. A defendant challenging the validity of a jury

waiver bears the burden of establishing that the waiver was invalid. *Id.* ¶ 47.

¶ 11     We find the defendant's emphasis on the trial court's failure to explain the difference

between a jury trial and a bench trial to be unavailing.[1] "While the trial court has a duty to ensure

that a defendant's waiver of his or her right to a jury trial is made expressly and understandingly,

the court is not required to provide any particular admonition or information regarding that right."

---

[1]We strongly encourage the trial court to take the minimal amount of time required to explain to future defendants, on the record, the difference between a jury trial and a bench trial when deciding whether to accept a jury waiver.

*People v. Foster*, 2022 IL App (2d) 200098, ¶ 29; see also *People v. Hatcher*, 2024 IL App (1st) 220455 (the law does not require that the trial court explain the difference between a bench trial and a jury trial). Thus, "[w]hether a jury waiver is valid cannot be determined by application of a precise formula, but rather turns on the particular facts and circumstances of each case." *Bracey*, 213 Ill. 2d at 269.

¶ 12 The defendant cites *Bracey* as support for the proposition that "the record must show some discourse between the defendant and the trial judge regarding the defendant's constitutional right to a jury trial and the differences between the two types of trial to establish a knowing jury waiver." We find that *Bracey* does not require such a rigid mandate. There, the defendant elected to waive jury and proceed to a bench trial. The opinion recited no facts regarding the execution of the initial jury waiver, simply noting "[d]efendant executed a written jury waiver, and the court, after duly admonishing defendant of his right to a jury trial, accepted the waiver, ruling that the defendant knowingly and voluntarily waived his right to a jury trial." *Id.* at 268. Following a bench trial, the defendant's conviction was later vacated. The issue in *Bracey* centered around the sufficiency of the defendant's jury waiver before the start of his *second* bench trial. The court found and held as follows:

"Nothing in the record indicates that defendant was ever advised that upon retrial he would again have the choice to be tried by a jury. To the contrary, everything in the record indicates that defendant was led to believe that his jury waiver, executed on March 20, 2002, obligated him to a bench trial once again. ***

*** [D]efendant did not appear in court again until he appeared before Judge Frank for his new trial. At that time, Judge Frank never ascertained whether defendant intended to waive his right to a jury trial. Instead, the court simply relied upon the fact that the March

5

20, 2002, written waiver was in the record—again leading defendant to believe that his earlier choice to forgo a jury trial was still binding on him.

Given the fact that defendant's written waiver was no longer effective and given the fact that, prior to defendant's second trial, defense counsel made no statements in defendant's presence indicating that defendant was electing, once again, to give up his right to trial by jury, defendant's silent acquiescence to a second bench trial is insufficient to support a finding that he knowingly and voluntarily relinquished his fundamental right to trial by jury." *Id.* at 272-73.

*Bracey* is readily distinguishable.

¶ 13    Equally unavailing is defendant's argument that the trial court abdicated its responsibility to directly explain to the defendant the difference between a bench trial and a jury trial by relying on defense counsel's implied assurance that such an explanation was provided. First, as set forth above, the trial court had no such specific responsibility. "[A] jury waiver is valid if it is made by defense counsel in defendant's presence in open court, without an objection by defendant." *Id.* at 270; see also *People v. Frey*, 103 Ill. 2d 327, 332 (1984) ("Recognizing that the accused typically speaks and acts through his attorney, we have given effect to jury waivers made by defense counsel in defendant's presence where defendant gave no indication of any objection to the court hearing the case.").

¶ 14    The defendant's reliance upon *People v. Johnson*, 2019 IL App (1st) 162517, is similarly unpersuasive. There, the appellate court noted that the trial court failed to ask whether defendant wanted a bench trial or a jury trial. "[T]here was no indication in the record that defendant knew he had a choice between a bench trial or a jury trial, and there was *no discussion of defendant's signed jury waiver in open court*." (Emphasis added.) *Id.* ¶ 19. "Here, defense counsel and the trial

court mentioned a bench trial several times on the record in the context of scheduling. This is not a valid jury waiver by, or on behalf of, defendant." *Id. Johnson* is also readily distinguishable.

¶ 15    The record established that the defendant had an extensive criminal history dating back to 1997. The defendant had been convicted of multiple misdemeanors and nine prior felonies, which resulted in three separate prison sentences. Furthermore, according to a psychiatric fitness evaluation conducted prior to trial, the defendant exhibited "a good understanding of the charges and the nature of the legal proceedings against him." During the evaluation, the defendant stated that the role of a judge was to "[h]ear *** both sides and make a decision," and that a jury was "12 people supposed to find you guilty or not guilty." Thus, the defendant's familiarity with the criminal justice system, as well as his own statements, support the conclusion that he understood his right to a jury trial and the ramifications of waiving that right. See *People v. Thomas*, 2019 IL App (2d) 160767, ¶ 19 (defendant's experience with the criminal justice system bolstered determination that he understood jury trial rights). Accordingly, we conclude that the trial court did not err by finding that the defendant's jury waiver was knowingly and voluntarily made.

¶ 16    The second issue raised by the defendant on appeal is whether the trial court erred in admitting into evidence his prior conviction in case No. 13-CF-153 for unlawful failure to register as a sex offender. "[E]vidence of other crimes is admissible if it is relevant for any purpose other than to show the defendant's propensity to commit crimes." *People v. Wilson*, 214 Ill. 2d 127, 135 (2005). "For instance, other-crimes evidence is admissible to show *modus operandi*, intent, identity, motive or absence of mistake." *Id.* at 135-36. "Other-crimes evidence may also be permissibly used to show, by similar acts or incidents, that the act in question was not performed inadvertently, accidentally, involuntarily, or without guilty knowledge." *Id.* at 136. "Where such other-crimes evidence is offered, it is admissible so long as it bears some threshold similarity to

7

the crime charged." *Id.* When other-crimes evidence falls under one of the recognized exceptions, the trial court still "must weigh its probative value against its prejudicial effect and may exclude the evidence if its prejudicial effect substantially outweighs its probative value." *People v. Illgen*, 145 Ill. 2d 353, 365 (1991). "The admissibility of other-crimes evidence rests within the sound discretion of the trial court, and its decision on the matter will not be disturbed absent a clear abuse of discretion." *Wilson*, 214 Ill. 2d at 136. "An abuse of discretion occurs when the ruling is arbitrary, fanciful, unreasonable, or when no reasonable person would adopt the trial court's view." *People v. Ward*, 2011 IL 108690, ¶ 21.

¶ 17    The defendant argues that case No. 13-CF-153 had no probative value because that case involved providing false information at registration, as opposed to merely registering late. Because the defendant had argued at trial that he was mistaken over the date of his registration deadline, he contends that case No. 13-CF-153 had no bearing on the State's purported reasoning.

¶ 18    In cases where evidence of other crimes is offered to establish *modus operandi*, there must be a significant degree of similarity between the facts of the crime charged and the other offense. *Wilson*, 214 Ill. 2d at 140. However, "less similarity between the facts of the crimes charged and the other offenses is required when the evidence is admitted to show intent, lack of accident or any other exception other than *modus operandi*." *Id.* "Instead, mere general areas of similarity will be sufficient to allow the evidence to be admitted in such cases." *Id.* at 141.

¶ 19    Although the defendant's charged conduct in case No. 13-CF-153, providing a false address on his registration, was somewhat dissimilar, it still had probative value regarding the issue of whether his failure to register on time was due to an honest mistake of fact. Both offenses evinced a general disregard and indifference on the part of the defendant in complying with his registration and reporting duties under the Act, thereby undermining his defense at trial. See

*People v. Perez*, 2012 IL App (2d) 100865, ¶ 50 (evidence of defendant's prior bad acts admissible to show the context in which the charged acts occurred and demonstrate defendant's pattern of conduct).

¶ 20   Additionally, the defendant's choice to be tried by a judge rather than a jury significantly diminished any risk of undue prejudice arising from the admission of the prior conviction. "[I]t is presumed that the trial court considered the other-crimes evidence only for the limited purpose for which it was introduced." *People v. Nash*, 2013 IL App (1st) 113366, ¶ 24. "To rebut this presumption, the record must affirmatively show that the trial court actually used the evidence improperly." *People v. Jones*, 2017 IL App (1st) 143403, ¶ 36. Here, there is no indication in the record that the trial court considered the defendant's previous conviction for any purpose beyond demonstrating knowledge or absence of mistake. In reaching its verdict, the trial court explicitly stated it had considered the defendant's prior conviction only for the purpose of "showing *knowledge*, *absence of mistake* in my opinion." (Emphasis added.) Thus, the defendant has utterly failed to demonstrate that he suffered any undue prejudice from the introduction of his prior conviction.

¶ 21   In finding the defendant guilty, the trial court focused primarily on the fact that he had been provided with actual notice of his next registration deadline, and either intentionally or through reckless disregard, failed to appear by that date. Regardless of the introduction of the prior conviction, the defendant's conduct in this case, by itself, would inevitably have led *any* rational trier of fact to the conclusion that he was guilty.

¶ 22   The defendant's registration form (People's Exhibit 1), which the defendant signed on October 19, 2021, stated in bold, block lettering directly above his signature: "IT HAS BEEN EXPLAINED TO ME AND I UNDERSTAND MY DUTY TO REGISTER NEXT ON OR

BEFORE: _____." Handwritten in the blank provided was January *18*, 2022. The trial court specifically found that the form "does bear the date January 18, 2022 on it very *plainly and clearly.*" (Emphasis added.) The court further found that the defendant "received actual notice that he had to register on or before January 18, 2022, and he did not."

¶ 23    The defendant told Officer Wallace that he "mistakenly" thought the handwritten numeral "1" on the registration form designating his next registration date of January 18 was a "2," leading him to arrive to register on January 28 instead of January 18. The trial court responded to this "explanation" by concluding that "defendant's comments when he was confronted by Detective Wallace were disingenuous. I forgot, and the 1 looks like a 2, and so on. Not a very convincing defense." This is an understatement. An examination of People's Exhibit 1 leads to the undeniable conclusion that the only way the defendant could argue with even an infinitesimal degree of credibility that the "1" was a "2" is if he proved that he was legally blind, about which the record is silent.

¶ 24                                   CONCLUSION

¶ 25    Based upon our review of the entire record, we find that the trial court did not commit error in accepting the defendant's jury waiver and did not abuse its discretion when admitting other-crimes evidence at defendant's bench trial. Accordingly, the defendant's conviction is affirmed.

¶ 26    Affirmed.

10