**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 190290-U

Order filed August 4, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Henry County, Illinois, |
| Plaintiff-Appellee, | ) ) | Appeal No. 3-19-0290 |
| v. | ) ) | Circuit No. 18-CF-30 |
| ERICA E. SANDUSKY, | ) ) | Honorable Terence M. Patton, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE LYTTON delivered the judgment of the court.
Presiding Justice McDade and Justice Daugherity concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   Circuit court committed reversible error by informing defendant she would only be allowed to elect a bench trial upon payment of a $1000 jury fee.

¶ 2    Defendant, Erica E. Sandusky, was convicted on three charges following a jury trial. On appeal, she argues that her decision to proceed via jury trial was involuntary where the Henry County circuit court informed her that proceeding via bench trial would be contingent upon her paying a $1000 jury fee. We vacate defendant's convictions and remand for further proceedings.

## I. BACKGROUND

The State charged defendant via information with aggravated battery (720 ILCS 5/12-3.05(d)(1) (West 2018)), criminal damage to property (*id.* § 21-1(a)(1)), criminal trespass to land (*id.* § 21-3(a)(2)), and two counts of battery (*id.* § 12-3(a)(1), (a)(2)). The matter proceeded to a jury trial on March 5, 2019.

Prior to jury selection, the State moved to dismiss the simple battery charges with prejudice, and the court granted the motion. After the jury was selected, but before it was sworn in, the parties reconvened in the court's chambers. Defense counsel informed the court that defendant had expressed a desire to hire private counsel. Defendant added: "I don't recall having the option to choose between a bench trial or a jury trial. I just knew that it was going to be a backup trial, and I would like to hire private counsel so they can focus on my case more." Counsel responded that he discusses bench trials and jury trials at length with every client. The court denied what it construed as a motion to continue. Defendant responded: "But I was never given the option between a bench and a jury trial, because I would have chosen a bench *** trial. This is the problem I'm having *** it's not the kind of trial I want." The following exchange ensued:

> "THE COURT: You can always waive the jury trial, but then there will be a discussion about whether the jury fee is going to be imposed for a jury being called and then not needed, and I'll give you two a couple minutes to talk about that, if you wish.
>
> [DEFENSE COUNSEL]: What is the normal jury fee, Your Honor?
>
> THE COURT: I think it's—I mean, it's at least a thousand dollars, isn't it, *** the cost of a jury?
>
> THE CLERK: I believe so, yeah.

2

THE COURT: So I can't give you that exact figure.

[DEFENSE COUNSEL]: OK.

THE COURT: But *** that's something that would be addressed if she decides to waive a jury, because there's things that have to be taken into account."

Seven minutes later, now in the courtroom, counsel informed the court that defendant wished to proceed with the jury trial.

¶ 6       The jury found defendant guilty only of misdemeanor battery, a lesser-included offense of the charge of aggravated battery. The court sentenced defendant to a term of 24 months' probation as well as 90 days in jail.

¶ 7                                    II. ANALYSIS

¶ 8       On appeal, defendant argues that her waiver of her right to a bench trial was not made knowingly and voluntarily where it was induced by the circuit court's inaccurate admonishments. Specifically, defendant contends that there is no support in the law for the notion that she could be charged a so-called jury fee. Defendant concedes that she failed to preserve the issue for appellate review by raising it in a posttrial motion. Accordingly, she requests that this court analyze the issue under the rubric of plain error. The first step in any plain error review is to determine whether a clear or obvious error was committed. *People v. Eppinger*, 2013 IL 114121, ¶ 19.

¶ 9                                    A. Jury Fee

¶ 10      There is a threshold dispute between the parties concerning the accuracy of the circuit court's comments in chambers. Defendant contends that the court had no authority to impose or threaten to impose such a fee and, indeed, that no such fee exists. The State argues that authority to assess a jury fee is found both in the Code of Criminal Procedure of 1963 (Code) and in the local rules of the 14th Judicial Circuit.

3

¶ 11 Section 124A-5 of the Code holds: "When a person is convicted of an offense under a statute, *** the court shall enter judgment that the offender pay the costs of the prosecution." 725 ILCS 5/124A-5 (West 2018). Multiple Illinois cases support the proposition that this section does not authorize a court to assess upon a criminal defendant any costs associated with invoking his or her right to trial by jury. *People v. Kluck*, 70 Ill. App. 3d 582, 584 (1979); *People v. Hanei*, 81 Ill. App. 3d 690, 706-07 (1980). The State has failed to identify any case in which criminal jury costs have been imposed under this statute.

¶ 12 Even if section 124A-5 can be construed to *generally* allow for the assessment of jury costs in criminal cases, it would not allow the court in this case to impose costs in the manner conveyed to defendant. First, the statute clearly holds that such fees may only be assessed upon conviction. The court did not explain this to defendant; in fact, the court implied that the jury fee would be assessed simply for selecting a bench trial. Second, if the "costs of the prosecution" includes the cost of the jury, then defendant would already be obligated to pay that fee, as a venire had been assembled and a jury selected. The court, however, stated that defendant would only have to pay that fee if she changed her mind and chose a bench trial, a comment which finds no support in the plain language of the statute.

¶ 13 It seems more likely that the court's reference to a "jury fee" was in contemplation of Local Rule 13.5 of the 14th Judicial Circuit, which states:

> "If for any reason attributable to counsel or parties, including a settlement, change of plea, or waiver of jury, the Court is unable to commence a jury trial as scheduled, and a panel of prospective jurors has reported to the courthouse for *voir dire*, the Court may assess against counsel or parties responsible for all or part

4

of            the            cost            of            the            panel."

https://www.rockislandcounty.org/CourtAdmin/Downloads/

¶ 14    Defendant does not dispute that the plain language of this local rule would appear to authorize the assessment referenced by the circuit court in chambers. Unlike section 124A-5, Local Rule 13.5 applies only to venires that are not ultimately utilized. Also, unlike the statute, it is not contingent upon the result of the proceedings. Defendant argues, however, that the local rule should be considered invalid.

¶ 15    Illinois Supreme Court Rule 21(a) (eff. Jan. 1, 2021) authorizes circuit courts to adopt local rules governing criminal and civil cases within that jurisdiction. Any such local rules must be consistent with existing statutes and supreme court rules. *Id.* It is well-settled that a local rule may not impose additional substantive burdens on litigants. *Vision Point of Sale, Inc. v. Haas*, 226 Ill. 2d 334, 357 (2007).

¶ 16    A criminal defendant's constitutional right to proceed via bench trial is absolute up to the point at which the jury is sworn in. *People v. Jordan*, 2019 IL App (1st) 161848, ¶¶ 16, 25. Any attempt by a defendant to waive the right to a jury trial after that point is left to the sound discretion of the court. *Id.* ¶ 16. Thus, defendant here retained an absolute right to proceed via bench trial, even where a jury had already been selected, but not sworn in.

¶ 17    Local Rule 13.5, as invoked in this case, is both inconsistent with statute and imposed an additional burden upon defendant. Section 124A-5, as discussed, clearly only allows for costs to be assessed upon conviction, whereas as Local Rule 13.5 can be applied regardless of whether there is a conviction. Further, the additional burden the local rule would impose on defendant is clear: she would be forced to pay $1000 to exercise her absolute right to a bench trial.

¶ 18    In sum, neither statute nor valid local rule supports the proposition that defendant could have been charged $1000 for proceeding via bench trial after a jury was selected. The circuit court's comments on that point were inaccurate and erroneous.

¶ 19                                B. Right to Bench Trial

¶ 20    Criminal defendants have a constitutional right to a jury trial. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, §§ 8, 13. Concomitantly, criminal defendants have a constitutional right to waive that right and proceed instead via bench trial. *People ex rel. Daley v. Joyce*, 126 Ill. 2d 209, 221-22 (1988). "[W]aivers [of constitutional rights] must not only be voluntary, but must be ' "knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." ' " *People v. McClanahan*, 191 Ill. 2d 127, 137 (2000) (quoting *People v. Johnson*, 75 Ill. 2d 180, 187 (1979), quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)).

¶ 21    The waiver of a bench trial rarely comes up in case law, likely because "a jury trial is the norm for a felony case and a bench trial is the exception." *People v. Powell*, 281 Ill. App. 3d 68, 73 (1996). In *Powell*, the Fourth District rejected the defendant's claim that defense counsel had ignored his requests to proceed via bench trial. *Id.* The court stated that "a defendant who wishes a bench trial instead of a jury trial must make his position known to the trial court if his trial attorney fails to do so." *Id.* The court concluded that it would not consider the defendant's "after-the-fact claim that he really wanted a bench trial all along." *Id.* Years later, the Second District shared the view that "a *post hoc* claim that a defendant actually wanted a bench trial would be *** problematic." *People v. Brown*, 2013 IL App (2d) 110327, ¶ 23. The court concluded that "there is no need to obtain an on-the-record waiver of" the right to a bench trial. *Id.*

¶ 22    The State, relying primarily on *Powell* and *Brown*, asserts:

6

"Clearly, no duty ensued upon the trial court either to advise of the right to a bench trial or to obtain from defendant a waiver of her right to a bench trial; thus, the trial court had no obligation whatsoever to provide defendant with any warnings regarding her right to a bench trial once she made her alleged preference for a bench trial known."

¶ 23 First, this case does not present the same scenario as contemplated in *Powell* and *Brown*. Defendant's express wish for a bench trial was not made after-the-fact or *post hoc*. The request was made before her trial commenced. Furthermore, while we agree that the circuit court has no affirmative duty to ensure a knowing waiver of the right to a bench trial, the error here was not the mere failure of the court to provide correct admonishments. The court's error was in giving defendant affirmative misadvice regarding her right to a bench trial.

¶ 24 *Powell* and *Brown* stand broadly for the proposition that the waiver of the right to a bench trial is presumptively valid even in the face of a silent record. However, it should be axiomatic that any waiver made following affirmative misadvice regarding the right being waived is, by definition, not done knowingly. We therefore find that the circuit court committed a clear and obvious error.

¶ 25 C. Prejudice

¶ 26 After a defendant asserting plain error has established that a clear or obvious error was committed, she must next establish that she suffered prejudice as a result. See *People v. Hillier*, 237 Ill. 2d 539, 545 (2010). In the plain error context, prejudice may be demonstrated in one of two ways: first, a defendant may demonstrate that the trial evidence was so closely balanced that the error threatened to impact the result of the trial. *People v. Sebby*, 2017 IL 119445, ¶ 51.

Second, a defendant may show that an error is so serious that prejudice is presumed, regardless of the closeness of the evidence. *Id.* ¶ 50. Defendant argues that the second prong is applicable here.

¶ 27 The second prong of the plain error test has been equated with the concept of structural error. *People v. Thompson*, 238 Ill. 2d 598, 608 (2010). A structural error is a systemic error that serves to erode the integrity of the judicial process and undermine the fairness of a defendant's trial. *People v. Stoecker*, 2020 IL 124807, ¶ 23. In *Jordan*, the court held that "denial of the right to waive a jury trial affects the fairness of proceedings and is plain error." *Jordan*, 2019 IL App (1st) 161848, ¶ 25.

¶ 28 In the present case, the circuit court, without authority, essentially, made defendant's constitutional right to proceed via bench trial contingent upon payment of $1000. That threat had the expected effect, in that defendant elected to instead proceed via jury trial, contrary to her stated wishes. This procedure severely erodes the integrity of the judicial process, and that defendant was essentially forced to proceed in a manner not of her own choosing undermines the fairness of those proceedings. Accordingly, we find that defendant has demonstrated second-prong plain error. We therefore vacate her convictions and remand for further proceedings.

¶ 29 III. CONCLUSION

¶ 30 The judgment of the circuit court of Henry County is vacated and the matter is remanded for further proceedings.

¶ 31 Judgment vacated; matter remanded.