**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220357-U

Order filed October 6, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-22-0357 Circuit No. 21-CF-364 |
| RICKY A. WALKER, | ) ) ) | Honorable Edward A. Burmila Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE McDADE delivered the judgment of the court.
Justices Hettel and Davenport concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   Defendant's jury waiver was made knowingly and understandingly.

¶ 2     Defendant, Ricky A. Walker, appeals following his convictions for aggravated domestic battery. He contends the Will County circuit court failed to ensure that his jury waiver was made knowingly and understandingly because he was affirmatively misled about the court's trial calendar. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        On March 9, 2021, defendant was charged with two counts of aggravated domestic battery (720 ILCS 5/12-3.2(a)(2), (b) (West 2020)). While initially an attorney was appointed to represent defendant, he was subsequently allowed to proceed *pro se* with standby counsel.

¶ 5        On October 27, 2021, the case was called for "pretrial." Defendant asked that a trial be set "as soon as possible." Standby counsel informed the court that she and an investigator were tendering reports to defendant that he had requested. The court asked defendant if he wished to set a trial date before reviewing the additional discovery he had just received. The court then informed defendant, "The next jury trial date is Tuesday, May 23rd. We can set that date if you want to get it on the calendar now, and then if you need more time you can file a motion to continue." Defendant responded, "No. I will take the bench trial."

¶ 6        Defendant then signed a jury waiver, and the court reviewed the waiver with him. The court confirmed defendant's age, that he had completed "[s]ome college," and that his waiver was being executed freely and voluntarily. Defendant did not have any questions about the waiver of his right to a jury trial. After defendant executed the jury waiver, the following exchange occurred:

"THE COURT: You can't get the jury back, and you're okay with that?

THE DEFENDANT: What you're saying the jury trial would be?

THE COURT: May. May would be the soonest jury trial. But we can set a bench trial sooner, which I would set for the January 5th date, if that is what you would like.

THE DEFENDANT: I could still have a jury trial?

THE COURT: No. If you want a jury trial, we'll set the jury trial now. And if you want to waive and go bench on that date, that would be the strategy. But once

you enter this waiver, you're saying as of today you're giving up your right to a jury trial and you want a bench trial.

> THE DEFENDANT: Let's just set the bench trial.

> THE COURT: Are you sure?

> THE DEFENDANT: Yes, ma'am.[1]"

¶ 7    The signed jury waiver stated the following:

> "The above defendant hereby enters his appearance in the Above entitled cause, waives the right of trial by jury, and consents that said cause be tried by the Court, and that any penalty assessed against or punishment inflicted on him in said cause may be collected or enforced in the same manner and to the same extent as if tried by a jury and convicted. I hereby enter my written plea of not guilty ***."

¶ 8    Defendant's case proceeded to a bench trial, where the court found defendant guilty of both counts of aggravated domestic battery. Defendant was sentenced to concurrent terms of 37 months' imprisonment. Defendant appealed.

¶ 9                                    II. ANALYSIS

¶ 10    Defendant solely contends on appeal that his jury waiver was not knowingly and voluntarily made. Defendant argues that the court's statements were "factually inaccurate" and prevented him from knowingly executing a jury waiver. Defendant refers specifically to the court's explanation that a jury trial date was not available until May 23, 2022, (approximately seven months after his request to set the case for trial), but a bench trial would be available on a sooner date.

---

[1] Judge Sherri Hale was sitting in for the court that day.

¶ 11     Defendant acknowledges he did not preserve this issue for review. "Ordinarily, errors not objected to during trial or raised in the posttrial motion are considered waived." *People v. Reed*, 2016 IL App (1st) 140498, ¶ 6. However, defendant asserts the issue is subject to review under the second prong of the plain error doctrine.[2]

¶ 12     The plain error doctrine permits a court of review to consider unpreserved errors either when (1) the evidence is closely balanced, or (2) when the error is so fundamental and of such magnitude that the defendant was denied the right to a fair trial. *People v. Johnson*, 2019 IL App (1st) 162517, ¶ 12. Before considering defendant's claim under either prong, we must first determine whether error occurred. *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007).

¶ 13     The right to a jury trial is a fundamental right guaranteed by the United States Constitution and the Illinois Constitution. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, §§ 8, 13; *People v. Bannister*, 232 Ill. 2d 52, 65 (2008). A defendant may waive the right to a jury trial, but any such waiver must be made knowingly and understandingly. 725 ILCS 5/103-6 (West 2020) ("Every person accused of an offense shall have the right to a trial by jury unless *** understandingly waived by defendant in open court ***."). There is no precise formula for determining whether a waiver is knowingly and understandingly made; the question turns on the facts and circumstances of each case. *People v. Frey*, 103 Ill. 2d 327, 332 (1984).

¶ 14     The Code of Criminal Procedure of 1963 requires jury waivers to be executed in writing. 725 ILCS 5/115-1 (West 2020) ("All prosecutions *** shall be tried by the court and a jury unless the defendant waives a jury trial in writing."). A signed jury waiver form alone is not sufficient to

---

[2]Defendant further argues that the issue is not subject to forfeiture. However, we need not consider this argument as our result would be the same either way. See *People v. Bracey*, 213 Ill. 2d 265, 270 (2004) ("Whether a defendant's fundamental right to a jury trial has been violated is a matter that may be considered under the plain error rule.").

demonstrate that defendant understandingly waived his right to a jury trial, although it is one means by which defendant's intent may be established. *People v. Bracey*, 213 Ill. 2d 265, 269 (2004). "Reviewing courts may also consider a defendant's prior interactions with the justice system in determining whether a jury waiver was made knowingly." *Reed*, 2016 IL App (1st) 140498, ¶ 7.

¶ 15    Defendant's argument turns on the notion that the court affirmatively misled defendant by stating that the next available jury trial was in seven months. We reject this argument for three reasons. First, we note that, while defendant seems to indicate that the court lied about the jury trial availability, he provides no documentary support for this assertion. Instead, defendant requests that we infer the court's misstatement from the assertion that, had defendant demanded a speedy trial, he would have been offered jury trial dates sooner than the one suggested by the court. We decline defendant's invitation to so speculate, particularly in light of the fact that defendant did not demand a speedy trial and provides no evidence to support his claim. See *People v. Cordell*, 223 Ill. 2d 380, 391 (2006) ("A simple request for trial, before any 'delay' is proposed, is not equivalent to an objection for purposes of [the speedy trial statute].").

¶ 16    Second, the circuit court is under no obligation to only offer dates that fall within a defendant's speedy trial period, whether defendant demands a speedy trial or not. Indeed, courts regularly propose dates outside the speedy trial period even when a defendant does demand a speedy trial. See, *e.g.*, *id.* (finding that proposing dates outside the 120-day period is an exercise of the court's discretion, which is required for setting a court schedule); see also *People v. Brexton*, 2012 IL App (2d) 110606, ¶¶ 5, 15 (circuit court set a trial date outside the 120-day speedy trial period); *People v. Cabrera*, 188 Ill. App. 3d 369, 371 (1989) (circuit court proposed three possible trial dates, only one of which was inside the 120-day speedy trial period).

¶ 17    Third, defendant provides no indication that he was ready to proceed to trial any earlier. The record reflects that on the date of "pretrial" defendant had just received documents from his investigator. The court properly perceived that a certain amount of delay was necessary for defendant to prepare his case. See *People v. Manna*, 96 Ill. App. 3d 506, 513 (1981) (finding it was not unreasonable for the court to suggest a date that coincided with a codefendant's hearing date where the record did not reflect the availability of any earlier dates and the State required time to prepare).

¶ 18    Moreover, we find defendant's waiver was otherwise knowingly and understandingly made. A signed waiver alone is not sufficient to demonstrate an understanding waiver of the right to a jury trial, but the presence of a signed waiver, viewed with other circumstances, "lessens the probability that the waiver was not made knowingly." *People v. Steiger*, 208 Ill. App. 3d 979, 982 (1991). We have held that a signed jury waiver presented in open court, together with the court stating the defendant had " 'previously waived his right to trial by jury,' " constitutes an understanding waiver. *People v. Jones*, 93 Ill. App. 3d 475, 480 (1981). A circuit court need not "give a defendant an explanation concerning the ramifications of a jury waiver unless there is an indication that the defendant did not understand his right to a jury trial." *Steiger*, 208 Ill. App. 3d at 981.

¶ 19    We note that there was only a minimal interchange between the court and defendant regarding the difference between a bench and jury trial. While we generally disapprove of courts failing to ensure on the record that defendants understand the difference between the two types of trials, we nonetheless conclude that defendant's waiver was knowingly and understandingly made. See *People v. Stokes*, 281 Ill. App. 3d 972, 978-79 (1996). Here, defendant was a high school graduate with "[s]ome college" who had engaged in *pro se* motion practice and had previous

contact with the criminal justice system. See *id.* at 979. When combined, the court's brief discussion, along with the signed waiver and defendant's previous experience with the criminal justice system, satisfy the requirement that the waiver was knowingly and understandingly made. See *Reed*, 2016 IL App (1st) 140498, ¶ 11 ("Taking into consideration defendant's written jury waiver, his colloquy with the trial court, and his demonstrated familiarity with the justice system, we find the trial court did not err in finding that defendant knowingly waived his right to a jury trial."). Because we find no error, there can be no plain error. *People v. Eppinger*, 2013 IL 114121, ¶ 42.

¶ 20    In coming to this conclusion, we reject defendant's reliance on *People v. Sandusky*, 2021 IL App (3d) 190290-U, as it is factually distinguishable. The defendant in *Sandusky* proceeded to a jury trial and, after the jury was selected but before the jury was sworn in, the defendant expressed her desire to proceed with a bench trial. *Id.* ¶ 5. The circuit court intimated to the defendant that she would have to pay a $1000 jury fee if she desired to waive her right to a jury. *Id.* We held that the court's misadvice prevented the defendant from knowingly exercising her rights. *Id.* ¶ 24 ("it should be axiomatic that any waiver made following affirmative misadvice regarding the right being waived is, by definition, not done knowingly"). Unlike *Sandusky*, defendant in this case was not offered any misadvice; he was simply presented with his options for trial. We find that defendant was not misled regarding waiving his right to a jury trial, and the record reflects defendant's jury waiver was made knowingly and understandingly.

¶ 21                                III. CONCLUSION

¶ 22    The judgment of the circuit court of Will County is affirmed.

¶ 23    Affirmed.